# STATE OF MICHIGAN

# COURT OF APPEALS

MAYFIELD TOWNSHIP,

          Plaintiff-Appellee,

UNPUBLISHED
May 24, 2016

v

No. 323774
Lapeer Circuit Court
LC No. 12-045398-CZ

DETROIT EDISON COMPANY,

          Defendant-Appellant.

Before: RONAYNE KRAUSE, P.J., and SAWYER and STEPHENS, JJ.

PER CURIAM.

Defendant, Detroit Edison Company, appeals as of right a judgment in the amount of $61,107 entered in favor of plaintiff, Mayfield Township, following the circuit court's determination that defendant was liable for payment of fees charged for fire runs. We affirm.

Plaintiff contracted with the city of Lapeer for fire protection services. Plaintiff adopted a fire protection ordinance charging owners of real or personal property a fee for certain types of fire runs.[1] On 25 occasions between September 22, 2010, and October 30, 2012, plaintiff provided fire protection services for which it billed defendant and defendant refused to pay the charged fees. Plaintiff filed suit and sought payment in the amount of $60,250, plus interest.

After the trial court denied defendant's motion for summary disposition, the parties waived a formal trial and submitted a set of stipulated facts and exhibits to the circuit court. The court issued a written opinion ruling in favor of plaintiff. The court found that each fire run at issue involved defendant's personal property, and that on each occasion the Lapeer Fire Department (LFD) would notify defendant of the call and either secure the area or remain on the scene until defendant's own personnel arrived to manage the situation. The trial court made three crucial findings based upon the parties' stipulations. Those findings were: that the actions taken by the LFD constituted attempts to protect defendant's personal property; that the fire runs conferred a benefit on defendant, both in that the runs attempted to protect defendant's personal

---

[1] The ordinance authorized plaintiff to collect a fire run fee under four circumstances: (1) if a person allowed a fire to burn out of control; (2) if a person turned in a false alarm; (3) if a person failed to maintain a fire alarm system and that failure resulted in a false alarm; and (4) when plaintiff attempted to protect a property owner's real or personal property.

-1-

property from damage and attempted to prevent defendant's property from damaging property owned by others; and that plaintiff was not required to calculate the fee with mathematical precision, and that plaintiff's procedure of dividing the contract price for fire protection by the number of fire runs in a year was reasonable. The trial court concluded that the fees charged for the fire runs were reasonable, and entered judgment in the amount of $61,107 in favor of plaintiff.

Defendant argues that the trial court erred in denying it summary disposition under MCR 2.116(C)(10). We disagree. We review de novo the trial court's decision on a motion for summary disposition. In reviewing the decision on a motion brought pursuant to MCR 2.116(C)(10), we must review the record evidence and all reasonable inferences drawn therefrom in a light most favorable to the nonmoving party, and decide whether a genuine issue of material fact exists. *Trepanier v Nat'l Amusements, Inc*, 250 Mich App 578, 582-583; 649 NW2d 754 (2002). We also review "de novo a trial court's interpretation of an ordinance. The rules of statutory construction apply to ordinances." *Kircher v City of Ypsilanti*, 269 Mich App 224, 228; 712 NW2d 738 (2005) (citations omitted). Whether a charge is a tax or a fee is a question that we also review de novo. *Saginaw Co v John Sexton Corp of Mich*, 232 Mich App 202, 209; 591 NW2d 52 (1998).

A township has no inherent powers, but has only those limited powers conferred by the Michigan Constitution or the Legislature. *Howell Twp v Rooto Corp*, 258 Mich App 470, 475; 670 NW2d 713 (2003). A township is authorized by statute to provide emergency fire service and to collect a fee for that service. MCL 41.806a provides, in pertinent part:

> The legislative body of a municipality providing emergency police or fire service or the legislative bodies of municipalities acting jointly to provide such a service pursuant to this act may authorize by ordinance the collection of fees for the service.

A township may enact an ordinance that imposes a fee, but the fee cannot be a disguised tax. Const 1963, art 9, §31, commonly known as the Headlee Amendment, provides, in pertinent part:

> Units of local government are hereby prohibited from levying any tax not authorized by law or charter when this section is ratified or from increasing the rate of an existing tax above that rate authorized by law or charter when this section is ratified, without the approval of a majority of the qualified electors of that unit of Local Government voting thereon.

In *Bolt v City of Lansing*, 459 Mich 152; 587 NW2d 264 (1998), our Supreme Court observed that the determination whether a charge is a fee or a tax requires the consideration of several factors. The Court stated:

> Generally, a "fee" is "exchanged for a service rendered or a benefit conferred, and some reasonable relationship exists between the amount of the fee and the value of the service or benefit." A "tax," on the other hand, is designed to raise revenue. [*Id.*at 161 (citations omitted).]

Plaintiff enacted a fire protection ordinance which provided for the collection of a fire run fee under four conditions: (1) allowing a fire to burn out of control; (2) turning in a false alarm; (3) failing to maintain an alarm system thereby resulting in a false alarm; and (4) if plaintiff attempted to protect real or personal property on a fire run. At issue in this case is the fourth condition.

Defendant argues that it was entitled to summary disposition and, thereafter, to judgment at trial, because no evidence showed that it benefitted from the fire runs for which plaintiff imposed fees. Therefore, it argues that the fees in fact constituted an unlawful tax. We disagree.

Initially, we conclude that plaintiff's ordinance did not constitute an unlawful tax. Fees for fire protection are authorized by MCL 41.806a and plaintiff's ordinance. The ordinance authorized the imposition of those fees only on those township residents who were served by the LFD and who received a benefit from that service. This arrangement meets the definition of a fee as set out in *Bolt*, 459 Mich at 161. Defendant's argument that the fees should not have been imposed because it received no benefit from the fire runs is a separate issue from whether the charges constituted a fee or a tax.

Defendant's argument that it did not benefit from the fire runs for which it was charged and that the real beneficiaries were the persons whose property and lives the LFD was trying to protect is not supported by the record. Defendant seems to argue that it could not be charged for a fire run unless its equipment could be proven to have caused damage. Plaintiff's ordinance contains no such requirement. In each of the 25 fire runs for which defendant was charged, defendant's equipment (poles, power lines, transformers, etc.) was involved in some way. Thus, it is not erroneous to find that defendant received some benefit in the protection of its own property. Further, the utility benefited from the prevention of damage to property adjacent to its poles and lines for which it could have been held liable. A utility such as defendant has a duty to exercise reasonable care to protect against foreseeable harm to others. *Schultz v Consumers Power Co*, 443 Mich 445, 451-452; 506 NW2d 175 (1993). It is foreseeable that fallen or otherwise damaged equipment could cause damage to the property of others. The trial court's findings that damaged power lines and other equipment could cause harm to property owned by others and that the presence of the LFD benefitted defendant in that the potential harm was controlled are not clearly erroneous.

Defendant also argues that the imposition of a fee in each incident at issue was unreasonable because no evidence showed that a breach of duty by defendant caused the circumstances that necessitated the fire run. Defendant asserts that plaintiff's arbitrary exercise of its statutory authority to impose fees for fire runs renders the ordinance unreasonable. It further argues that the Michigan Public Service Commission (PSC) regulates defendant's operations, and a municipality cannot attempt to regulate defendant by characterizing its efforts as a matter of local concern. We disagree.

The reasonableness of a municipal ordinance is a question of law, *Square Lake Condo Ass'n v Bloomfield Twp*, 437 Mich 310, 317; 471 NW2d 321 (1991), which we review de novo, *Great Lakes Soc v Georgetown Charter Tp*, 281 Mich App 396, 407; 761 NW2d 371 (2008).

In *Square Lake Condo Ass'n*, 437 Mich at 318, our Supreme Court stated:

The reasonableness of an ordinance, while a question of law, depends upon the particular facts of each case. The test for determining whether an ordinance is reasonable requires us to assess the existence of a rational relationship between the exercise of police power and the public health, safety, morals, or general welfare in a particular manner in a given case. [Citation omitted.]

A person cannot be deprived of life, liberty, or property without due process of law. US Const, Am V; Const 1963, art 1, § 17; *Elba Twp v Gratiot Co Drain Comm'r*, 493 Mich 265, 288; 831 NW2d 204 (2013). The due process guarantee limits arbitrary power, and must be construed liberally in favor of a citizen. *Daugherty v Thomas*, 174 Mich 371, 382; 140 NW 615 (1913).

The federal and state constitutions guarantee equal protection of the law. US Const, Am XIV; Const 1963, art 1, § 2. The equal protection guarantee serves to protect a person against intentional and arbitrary discrimination, whether that discrimination is expressed in the language of a statute or the execution thereof. *Village of Willowbrook v Olech*, 528 US 562, 564; 120 S Ct 1073; 145 L Ed 2d 1060 (2000).

Defendant does not argue that plaintiff did not have the statutory authority to enact the fire protection ordinance; rather, defendant asserts that plaintiff's arbitrary exercise of the authority as applied to defendant renders the ordinance unreasonable because the fire runs for which defendant was charged did not benefit defendant. Defendant also argues that because the PSC regulates defendant's operations, MCL 460.6,[2] plaintiff's ordinance compelling defendant to pay for fire runs is invalid. Defendant notes that in *City of Taylor v Detroit Edison Co*, 475 Mich 109; 715 NW2d 28 (2006), our Supreme Court concluded that an ordinance that was incongruent with PSC rules was invalid. *Id*. at 123-124. Defendant reasons that because the imposition of fees on defendant could affect defendant's rates, the ordinance as applied must be deemed invalid. Finally, defendant argues that because it was billed for runs in which its property was not protected, it was deprived of due process and equal protection.

Defendant's arguments are without merit. These arguments are premised on defendant's position that it was improperly billed for the fire runs at issue because it did not receive a benefit from those runs, in part because it did not cause the incidents that gave rise to the fire runs. The statutory authority for the local ordinance does not impose a fault-finding requirement. Plaintiff's ordinance does not include a fault requirement either. There is a rational basis for imposing a fee on beneficiaries such as defendant. As indicated earlier, the trial court did not clearly err in finding that defendant did benefit from the fire runs, and for that reason defendant has not shown that the ordinance is unreasonable.

MCL 460.6 does not shield defendant from fees for beneficial services. Defendant correctly notes that its operations are regulated by the PSC, MCL 460.6(1), but defendant is incorrect that no aspect of its operations can be subject to municipal ordinance. Neither MCL

---

[2] MCL 460.6(1) states that the PSC has the "power and jurisdiction to regulate all rates, fares, fees, charges, services, rules, conditions of service, and all other matters pertaining to the formation, operation, or direction, of public utilities."

460.6 nor *City of Taylor* supports this argument. Plaintiff's ordinance does not regulate defendant's operations in the manner described by MCL 460.6. Defendant is not exempt from every statute or rule other than those administered by the PSC.

Finally, the charges imposed by plaintiff do not deprive defendant of due process or equal protection because, as indicated earlier, defendant derived a benefit from the fire runs for which it was billed. Plaintiff did not act in an arbitrary manner against defendant. Defendant is treated the same as other beneficiaries.

Finally, defendant argues that plaintiff's ordinance does not authorize the imposition of a fee on a party who receives no benefit from a fire run. Defendant contends that the fire runs were not made to protect or to attempt to protect defendant's property. This argument is simply a restatement of defendant's other issues. As indicated previously, the trial court did not clearly err in finding that the LFD was attempting to protect defendant's equipment in each fire run at issue; therefore, the terms of the ordinance authorized the imposition of a fee.

In *Kircher*, this Court stated:

> Fees charged by a municipality must be reasonably proportionate to the direct and indirect costs of providing the service for which the fee is charged. *Merrilli v St Clair Shores*, 355 Mich 575, 583, 588; 96 NW2d 144 (1959). Such a fee is presumed reasonable unless it is facially or evidently so "wholly out of proportion to the expense involved" that it "must be held to be a mere guise or subterfuge to obtain the increased revenue." *Id*. at 584, quoting *Vernor v Secretary of State*, 179 Mich 157, 168, 170; 146 NW 338 (1914). [*Kircher*, 269 Mich App at 231-232.]

A court must presume that the amount of the fee is reasonable, unless otherwise established by the law itself or evidence presented. *Graham v Kochville Twp*, 236 Mich App 141, 154-155; 599 NW2d 793 (1999) (citation omitted).

The trial court found that the fees charged by plaintiff were reasonable. Defendant's argument that the fees were unreasonable is based on its position that it did not receive any benefit from the fire runs, but as already indicated, the trial court did not clearly err in finding that defendant received a benefit from each fire run. Defendant has not overcome the presumption that the fees were reasonable.

Affirmed.

/s/ Amy Ronayne Krause
/s/ David H. Sawyer
/s/ Cynthia Diane Stephens

-5-